UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RICKEY HARRISON AND ALNITA HARRISON,** Individually and as Next, Friends and Natural Guardian of **DESTINY HARRISON,** a Minor Child, **Plaintiffs,** | ) ) ) ) ) ) |
| vs. | ) CIVIL ACTION ) FILE NO.1:10-CV-03770-JOF |
| **JAGUAR LAND ROVER NORTH AMERICA, LLC,** a Delaware Corporation, **FORD MOTOR COMPANY**, a Delaware Corporation, **JAGUAR CARS, LTD.,** a British Manufacturer and Subsidiary of **TATAMOTORS, LTD., TRW VEHICLE SAFETY SYSTEMS, INC.,** a Delaware Corporation, and **FICTITIOUS ENTITIES 1-5**, Whose True Identity Are Not Known at this time, **Defendants.** _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COME NOW, Plaintiffs, by and through their counsels of record, hereby file Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Remand and show the Court as follows:

Plaintiffs have established valid claims against Hennessy in this action. It is obvious that Defendants are aware that Plaintiffs have such a claim against Hennessy. Defendants specifically state in their response to Plaintiffs' Motion to

1

Remand that "if the Court determines that discovery would assist in determining the validity of the Plaintiffs' claims against Hennessy, the Removing Defendants request discovery be conducted in this Court prior to any final decision regarding remand." Removal jurisdiction raises significant federalism concerns and federal courts are directed to construe removal statutes strictly. <u>University of Alabama v. American Tobacco Co</u>, 168 F.3d. 405 (11th Cir. 1999). Moreover, "all doubts about jurisdiction should be resolved in favor of remand to state court." <u>Id.</u> There is a presumption in favor of remand "because if a federal court reaches the merit of a pending motion in a removed case where subject matter jurisdiction may be lacking, it deprives a state court of its right under the Constitution to resolve controversies in its own courts." <u>Id.</u> In evaluating whether the Defendants have met their exacting burden, the Court must review the factual allegations in the Complaint in the light most favorable to the Plaintiffs and must resolve any uncertainties about Georgia substantive law in Plaintiffs' favor. *<u>Crowe</u>, 113 F.3d at 1538*. "If there is even a possibility that a state court would find that the complaint states a cause of action…the resident Defendant, the federal court must find that joinder was proper and remand the case to state court." <u>Id.</u> quoting <u>Coker</u> at 440-441.

### a. **Defendant Hennessy Jaguar Is Properly Joined In This Action In Accordance With Plaintiffs' Negligence Claim Whereby Defendant Negligently Failed to Perform Appropriate Pre-Delivery Inspection or Negligently Performed Inspection and Defendant's Breach of Various Implied Warranties.**

In accordance with the rule in product liability cases, car dealers have a duty of inspection before selling a car and are charged with knowledge of what an inspection would disclose. *Mathis v. Jim Skinner Ford, Inc*., 361 So.2d 113 (Ala.1978). In Georgia, all dealers have a legal obligation to inspect or test their vehicles before delivery to customers. Defendant Hennessy Jaguar performs a pre-delivery inspection of their vehicles, especially used vehicles, prior to delivery to its customers. Prior to delivery of the Subject Vehicle to Plaintiff Rickey Harrison, Hennessy Jaguar performed a pre-delivery inspection. According to Georgia law, if a dealer or vendor undertakes to perform an inspection or test of its merchandise, it must exercise reasonable care in doing so. *Holman Motor Company v. Evans*, 169 Ga. App. 610; *General Motors Corp v. Davis*, 141 Ga. App. 495 (1977). Having assumed the duty, the dealer or vendor is liable for any defects which the inspection reveals as well as any which should have been discovered. Jones v. *Cranman's Sporting Goods*, 142 Ga. App. 838 (1977). At this stage in litigation, discovery has not begun in this case. Plaintiffs have not had an opportunity to inspect Hennessy Jaguar's documents pertaining to the pre-

delivery inspection, service, maintenance, recalls, technical bulletins and sale of the Subject Vehicle.

    Plaintiffs currently have a viable claim against the Hennessy Jaguar in this case.  As a dealer, Hennessy Jaguar has a definitely a duty to exercise reasonable care in the sell of its used vehicles such as the Subject Vehicle. Although a used car dealer is not an insurer of the safety of vehicles it sell, a used car dealer has a duty of reasonable inspection and testing of vehicles sold to ascertan that a vehicle is equipped with the essentials for safe operation and to discover any repair any defects that are discoverable in the exercise of ordinary care.  The documents attached as exhibits to Hennessy Jaguar's response are evident of some sort of issue with the seatbelt assembly in the 2000 S-Type Jaguar, including the Subject Vehicle.  As a result thereof,  Hennessy Jaguar is obligated as an used car dealer  to either repair defects that are discovered or to warn the buyer of existence of defects.   At this time, Plaintiffs cannot ascertan as whether or not the Defendants made any repairs to the Subject Vehicle pertaining to the defective rear seat and/or seatbelt assembly and components in the this vehicle.  Without the Hennessy Jaguar's maintenance and service records on the Subject Vehicle, we cannot determine whether or not Hennessy Jaguar were negligent for installing an inappropriate and unsafe part, including  but not limited to, rear seat and seatbelt system.

  b. **Defendant Hennessy Jaguar Is Properly Joined Because of Defendant's Failure to Warn Plaintiffs of Defects With The Seat Belt Assembly and Components In Their 2000 S-Type Jaguar.**

  However, there is a general rule in Georgia regarding a vendor or dealer's liability for failure to warn. Because Hennessy Jaguar had knowledge of the vehicle's dangerous quality, Hennessy Jaguar cannot simply rely on the manufacturer's warnings; it has an independent duty to warn. *Beam v. Omark Indust., Inc*., 143 Ga. App. 142 (1977). Matter of fact, Hennessy Jaguar has attached documents and reports whereby the National Traffic and Motor Vehicle Safety Act placed Hennessy Jaguar on notice that there were problems with the seat buckle assembly in the S-Type Jaguars. *See Defendants' Exhibit B*. According to Defendants' Exhibit B, the "all replacement front safety belt buckle assemblies" will be replaced free of charge by Jaguar Franchised Dealers," such as Hennessy Jaguar. Although Hennessy Jaguar is not involved in the design and manufacture of the 2000 S-Type Jaguar, Hennessy Jaguar provides parts to service and repair their vehicles if there is a recall or repairs needed the warranty period. In addition, when design and manufacturing flaws requiring recalls and/or repairs are discovered, it is normally the automotive dealerships, such as Hennessy Jaguar that actually undertake to correct those flaws. *See Defendants' Exhibit B*. Moreover, the car buyers, such as Plaintiff Rickey Harrison, have no other contact with anyone in the supply chain other than the dealership. Thus, in a situation

where a problem such as defective rear seat system and seat belt components and assembly was known, it is not fraudulent or frivolous to allege that Hennessy employees were or should have been aware of the defects and had an obligation to convey information about the problems to purchasers such as Mr. Harrison. Furthermore, even where the manufacturer has provided product warnings, Georgia law permits the imposition of distributor liability where the distributor is aware of a danger not communicated by the manufacturer's warnings or hazard substantively different from dangers that are included in the manufacturer's warning materials.  *Farmer v. Brannon Auto Parts*, 231 Ga. App. 353 (1998).

As the Court is aware, "a defendant's right to remove and a plaintiff's right to choose his forum are not on equal footing" as the law favors the plaintiff's right to choose his or her forum. *Burns v. Windsor Insurance Company*, 31 F.3d 1093 (11th Cir. 1994). Removal is purely statutory. As such a federal court is required to strictly construe removal statutes in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Premier Holidays International, Inc. v. Actrade Capital, Inc*., 105 F.Supp.2d 1336 (N.D.Ga. 2000). Cases originally filed in a state court may only be removed to federal court under limited circumstances, and only upon a showing by the removing defendants that federal jurisdiction properly exists. *Boiling v. Union National Life Ins. Co*., 900 F.Supp. 400 (M.D. Ala.1995). "

## **Conclusion**

Plaintiffs' Motion to Remand is proper in this action and the above-captioned action should be remanded to the Superior Court of Gwinnett County for further adjudication with an assessment of attorney's fees and costs against the removing Defendants.

This 14th day of December, 2010.

>s/Lisa R. Reeves
>LISA R. REEVES
>*Attorney for Plaintiffs*
>Georgia Bar No. 609263

LISA R. ROBERTS & ASSOCIATES, P.C.
1973 Highway 34 East
Newnan, Georgia 30265
770/253-8636
770/253-8493 (facsimile)

>s/Melinda S. Holloway
>MELINDA S. HOLLOWAY
>*Attorney for Plaintiffs*
>Georgia Bar No. 363475

MELINDA S. HOLLOWAY, P.C.
1129 Hospital Drive, Suite 2B
Stockbridge, Georgia 30281
770/474-9363

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **RICKEY HARRISON AND ALNITA HARRISON,** Individually and as Next, Friends and Natural Guardian of **DESTINY HARRISON,** a Minor Child,     **Plaintiffs,** <br><br> vs. <br><br> **JAGUAR LAND ROVER NORTH AMERICA, LLC,** a Delaware Corporation, **FORD MOTOR COMPANY**, a Delaware Corporation, **JAGUAR CARS, LTD.,** a British Manufacturer and Subsidiary of **TATAMOTORS, LTD., TRW VEHICLE SAFETY SYSTEMS, INC.,** a Delaware Corporation, and **FICTITIOUS ENTITIES 1-5**, Whose True Identity Are Not Known at this time,     **Defendants.** <br> _____ | ) ) ) ) ) ) ) **CIVIL ACTION** ) **FILE NO.1:10-CV-03770-JOF** ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing

Plaintiffs' Motion to Remand and Reply In Opposition to Defendants' Notice of

Removal with the Clerk of Court using CM/ECF system to the following CM/ECF

participants:

William J. Sheppard, Esq.
James, Bates, Pope & Spivey, LLP
3399 Peachtree Road
Lenox Building, Suite 810

Atlanta, Georgia 30326
*Attorneys for Hennessy Jaguar*

Charles B. Marsh, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, Suite 300
Atlanta, Georgia 30309
*Attorneys for TRW Vehicle Safety Systems*

Phillip McDaniel, Esq.
Weinstein, Tippetts & Little
7660 Woodway, Suite 500
Houston, Texas 77063
*Attorneys for TRW Vehicle Safety Systems*

Charles K. Reed, Esq.
Suneel Gupta, Esq.
McKenna, Long & Aldridge, LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
*Attorneys for Jaguar Land Rover and Ford Motor Company*

This 14th day of December, 2010.


        s/Lisa R. Reeves
        Lisa R. Reeves
        Ga. Bar No. 609263

        *Attorney for Plaintiffs*


LISA R. ROBERTS & ASSOCIATES, P.C.
1973 East Highway 34
Newnan, Georgia  30265
(770) 253-8636
770/253-8493 (facsimile)